UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PURNELL THURSTON, | Case No. 2:25-cv-1925-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BABB, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against two Yuba County Sherriff's Deputies, Babb and Duff, and an unidentified medical provider at Yuba County Jail. The complaint contains two unrelated claims. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency. Plaintiff also filed an application to proceed *in forma pauperis*, which makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges two discrete incidents. He alleges that defendants Duff and Babb left him without his inhaler, handcuffed, and unattended in a van for about an hour. ECF No. 1 at 3. Plaintiff passed out from the lack of oxygen in the car and, when he awoke, experienced an asthma attack. *Id.* Plaintiff and other inmates in the van banged on the side of the van and begged for assistance. *Id.* at 8. A female Sheriff's Deputy heard the pleas from the van and quickly located Babb to help. *Id.* Babb slowly approached the van, but, instead of immediately rendering aid, Babb laughed and taunted the inmates. About five minutes later, Babb turned the air conditioning on in the van.

In another incident, plaintiff alleges that he arrived at Yuba County Jail with a valid prescription for Gabapentin or Neurontin. *Id.* at 5. Despite his prescriptions, an unidentified member of the medical staff refused to provide him with the medication, claiming that the medication needed to be authorized by the "provider." *Id.* Plaintiff asked multiple times to be seen by the provider, but his requests were denied. *Id.* at 9. Without the medication, plaintiff suffered withdrawal symptoms. *Id.*

Plaintiff's claims against defendants Babb and Duff and his claims against the unidentified medical provider cannot proceed together. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may file an amended complaint that addresses this concern. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: September 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3