UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PURNELL THURSTON, | Case No. 2:25-cv-1925-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| BABB, *et al.*, | |
| Defendants. | |

Plaintiff, a former county inmate proceeding pro se, brings this action against two Yuba County Sherriff's Deputies, Babb and Dutt.[1] His allegations that the defendants violated his Fourteenth Amendment rights by denying him adequate conditions of confinement are sufficient to proceed past screening. By contrast, his equal protection claim is non-cognizable as currently articulated. Plaintiff may proceed only with his cognizable claims, or he may delay serving any defendant and file another amended complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

---

[1] Plaintiff has filed a request to update the spelling of Duff's name to Dutt. ECF No. 10. That request is granted, and I will ask that the Clerk of Court update Dutt's name on the docket.

1  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3  relief. *Id.*

4      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21                         **Analysis**

22     Plaintiff alleges that on May 22, 2025, during transport from Sacramento County Jail to
23 the Yuba County Jail, defendants left him in a van with two other inmates. ECF No. 8 at 4. Due
24 to a lack of ventilation in the van, plaintiff, an asthmatic, allegedly began to experience an asthma
25 attack. *Id.* Plaintiff claims that he shouted for defendants and asked for his rescue inhaler, which
26 defendant Babb had allegedly denied him at the outset of the transport. *Id.* Defendants did not
27 initially respond, however, and plaintiff claims that he lost consciousness. *Id.* An unnamed
28 female staff member eventually noticed the plight of the inmates in the van and informed

1  defendants of it. *Id.* at 4-5. So notified, defendants allegedly moved lethargically and, despite the
2  serious conditions in the van, unhurriedly turned on the air conditioning, while refusing to
3  otherwise open the vehicle to outside air. *Id.* at 5.
4      Given that plaintiff appears to have been a pretrial detainee at the time of the incident,
5  these allegations are sufficient to state a Fourteenth Amendment claim for inadequate conditions
6  of confinement. "Inmates who sue prison officials for injuries suffered while in custody may do
7  so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted,
8  under the Fourteenth Amendment's Due Process Clause." *Castro v. County of Los Angeles*, 833
9  F.3d 1060, 1067-68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).
10     Plaintiff also references a possible equal protection claim, but this claim is insufficiently
11 articulated to proceed. ECF No. 8 at 6. "To state a claim under 42 U.S.C. § 1983 for a violation
12 of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the
13 defendants acted with an intent or purpose to discriminate against the plaintiff based upon
14 membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
15 Here, plaintiff alleges only that defendant defendants used "evil, vulgar, and racially disrespectful
16 sarcastic remarks," ECF No. 8 at 6, but he does not allege what racial language was used or what
17 protected class he is a part of. Additionally, the allegations indicate that defendants left all their
18 charges in the poorly ventilated van, not just plaintiff, and it is unclear if all those inmates are part
19 of the contemplated protected class.
20     Plaintiff may proceed only with his conditions of confinement claims, or delay serving
21 any defendant and file an amended complaint.
22     Accordingly, it is ORDERED that:
23     1. Plaintiff's request to update the spelling of defendant Duff's name to "Dutt," ECF No.
24 9, is GRANTED. The Clerk of Court is directed to make this correction to the docket.
25     2. Plaintiff may proceed with the claims deemed cognizable in this order. If he chooses
26 to do so, he should indicate as much in writing within thirty days of this order's entry. If he elects
27 this option, I will order submission of service documents. Alternatively, he may delay serving
28 any defendant and file an amended complaint within thirty days of this order's entry.

3. The Clerk of Court shall plaintiff a complaint form with this order.

4. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: __December 1, 2025__           _____
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE