UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDERSON PURNELL THURSTON,

Plaintiff,

v.

BABB, *et al.*,

Defendants.

Case No. 2:25-cv-1925-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a former pretrial detainee at the Yuba County Jail, brought this action alleging that defendants Babb and Dutt, both deputies with the Yuba County Sheriff's Department, violated his Fourteenth Amendment rights by leaving him in a poorly ventilated van for an hour on May 22, 2025. ECF No. 8 at 4. Pending is defendant Dutt's motion to dismiss, wherein he argues that the complaint fails to state a cognizable claim against him. ECF No. 16. Plaintiff has opposed the motion, ECF No. 18, and Dutt has filed a reply, ECF No. 19. After review of the pleadings, I recommend that the motion to dismiss be denied.

Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

## Analysis

Plaintiff alleges that, on May 22, 2025, he and two other detainees were being transported from the Sacramento County Main Jail to the Yuba County Jail. ECF No. 8 at 4. He claims that, at some point during the transport, the van was parked and he was left, along with the other detainees, shackled and unattended in the van. *Id.* Plaintiff alleges that the van was not ventilated, and, over the course of an hour, the detainees began to feel suffocated. *Id.* He claims that the conditions were especially difficult for him, because he is an asthmatic, and, earlier, defendant Babb had denied his request for his "rescue inhaler." *Id.* Plaintiff allegedly lost consciousness for a brief time and had an asthma attack during the incident. *Id.* Eventually and in response to plaintiff and the other detainees screaming and pounding on the walls of the van, an unnamed female staff member affiliated with the Yuba County Jail noticed the detainees' plight and notified defendants Babb and Dutt. *Id.* at 4-5. Babb then returned to the van and turned on the air conditioning system. *Id.* at 5.

In his motion to dismiss, defendant Dutt raises two arguments. First, he contends that the claim against him does not meet federal pleading standards against him insofar as it does not state what actions, if any, he took during the alleged incident. Second, he alleges that plaintiff's claim against him, taken as true, is insufficient to amount to a violation of his Eighth Amendment rights.[1] Neither argument is persuasive.

The complaint, construed liberally as it must be for a *pro se* claimant, gives Dutt adequate notice of the claims against him. Dutt emphasizes that the complaint only mentions him by name twice and argues that it is silent as to "which deputy chained, shackled, or left the plaintiff unattended." ECF No. 16-1 at 4. But any natural reading of the complaint plainly indicates that plaintiff is alleging that both defendants "endangered [his] life by leaving [him] chained and shackled and unattended in the rear airtight locked compartment of their [van]." ECF No. 8 at 4. It does not appear relevant which deputy was responsible for shackling plaintiff; the salient allegation is that both knowingly left him in a van without sufficient air circulation or temperature control.[2]

Second, I find that the allegations, taken as true, are sufficient to state a viable Fourteenth Amendment claim against Dutt. To state a claim for unconstitutional conditions of confinement under the Fourteenth Amendment's due process clause, a pretrial detainee must plead facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures

---

[1] Defendant Dutt's argument construes the claim against him as arising under the Eighth Amendment. ECF No. 16-1 at 4. In his opposition, plaintiff points out that, as a pretrial detainee, his claim should be evaluated under the Fourteenth Amendment. ECF No. 18 at 5. In his reply, Dutt argues that whether the claim is construed as arising under the Eighth or the Fourteenth Amendment is immaterial because, under either standard, the alleged conditions did not deprive plaintiff of the minimal civilized measure of life's necessities, ECF No. 19 at 4. I agree with plaintiff that, from the facts alleged, he appears to have been a pretrial detainee and, thus, the Fourteenth Amendment applies.

[2] I note that plaintiff's complaint does allege that defendant Babb, once notified of the conditions in the van, purposefully declined to respond quickly, instead laughing and taunting the detainees. ECF No. 8 at 5. I do not read the complaint as implicating Dutt in Babb's dilatory response, however.

> to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Here, the complaint sufficiently alleges that both defendants Babb and Dutt made an intentional decision to leave plaintiff and the other detainees in the back of the poorly ventilated, locked van. ECF No. 8 at 4. The complaint adequately alleges that these conditions put plaintiff at risk of suffering serious harm. Plaintiff claims that, because of the suffocating conditions, he lost consciousness and suffered an asthma attack. *Id.* I note that Dutt cites case law for the proposition that a "brief" confinement in an unventilated vehicle does not amount to a constitutional violation. But two of the cases they rely on, *Arias v. Amador*, 61 F.Supp.3d 960, 976 (E.D. Cal. Nov. 21, 2024), and *Dillman v. Vasquez*, No. 1:13-cv-00404-LJO-SKO, 2015 U.S. Dist. LEXIS 25006, at *26 (E.D. Cal. Mar. 2, 2015), are cited for the proposition that, generally, no excessive force claim arises from confinement to a hot, unventilated vehicle for thirty minutes or less. *Amador*, 61 F.Supp.3d at 976 ("In contrast, federal district courts have found that force was not excessive when the confinement lasted thirty minutes or less."); *Vasquez*, 2015 U.S. Dist. LEXIS 25006, at * 26 ("Thus, the case law suggests that a brief (e.g., 30-minute-long) confinement in a hot patrol car does not violate the Fourth Amendment . . . .").[3] Here, the confinement allegedly lasted about an hour. Third, the allegations indicate that defendant did not take reasonable measures to abate the risk, such as rolling down windows to increase airflow in the vehicle. Whether a reasonable official, faced with the circumstances at issue, would have appreciated the risk is a more difficult question and one inappropriate for disposition on a motion to dismiss. It is not clear, for instance, how hot the day in question was (though plaintiff alleges that he was "sweating profusely" by the time defendant

---

[3] Defendant Dutt also relies on a decision from the Fifth Circuit, *Glenn v. City of Tyler*, 242 F.3d 307 (5th Cir. 2001), wherein the court found that the plaintiff's confinement to an unventilated patrol car did not violate her Fourth Amendment rights. But this confinement also lasted only about thirty minutes, and unlike what plaintiff alleges here, did not result in any major health complications. *Id.* at 314.

Babb returned to the vehicle, ECF No. 8 at 5). Finally, the allegations, taken as true, show that defendant Dutt's failure to take reasonable measures caused plaintiff's injuries.[4]

Based on the foregoing, I find that defendant Dutt's motion to dismiss should be denied.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that defendant Dutt's motion to dismiss, ECF No. 16, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

[4] In his reply, defendant Dutt argues that the complaint does not allege that plaintiff "suffered any lasting injury," ECF No. 19 at 5, but I am not aware of any authority standing for the proposition that an injury is only actionable if it is accompanied by some nebulous degree of permanence. For instance, a broken arm that heals cleanly and completely might not fit the definition of a "lasting injury." It would certainly be actionable, however, if it were attributable to an officer's misconduct.